## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | ) | |
| | ) | |
| v. | ) | **CRIMINAL NO. 23-00439-JMC** |
| | ) | |
| **DANIEL TOCCI** | ) | |

### DEFENDANT'S MOTION IN LIMINE TO EXCLUDE BAD ACTS EVIDENCE

Defendant Daniel Tocci respectfully moves in limine for an order to preclude the government from introducing any alleged bad acts evidence that is not the subject of the superseding indictment. Such evidence includes any information regarding Mr. Tocci's pending federal case in Springfield, Massachusetts, which has no bearing on the case before this Court. Mr. Tocci contends that no character evidence should be admitted, even if he decides to testify in his defense, because: (1) he received no formal notice that the government would rely on such evidence; (2) it would be based in propensity, which is prohibited; and (3) its admission would be unfairly prejudicial. The result of admitting bad acts would be contrary to Federal Rule of Evidence 404(b) and constitute a violation of Mr. Tocci's Fifth and Sixth Amendment rights to due process and a fair trial.

The parties have conferred, and the government has agreed that this evidence will not be introduced unless it becomes independently relevant. Mr. Tocci files this motion to alert the Court of the issue and the agreement reached by the parties.

### BACKGROUND

The government has charged Mr. Tocci in the superseding indictment with five counts: (Count I) destruction of government property under 18 U.S.C. § 1361; (Count II) entering and remaining in a restricted building or grounds under 18 U.S.C. § 1752(a)(1); (Count III) disorderly and disruptive conduct in a restricted building or grounds under 18 U.S.C. § 1752(a)(2); (Count

IV) disorderly conduct in a capitol building under 40 U.S.C.§ 5104(e)(2)(G); and (Count V) parading, demonstrating, or picketing in a capitol building under 40 U.S.C. § 5104(e)(2)(G). *See* dkt. #19.

As a result of the investigation in this case, the government charged Mr. Tocci in a separate information with possession of child pornography under 18 U.S.C. §§ 2252A(a)(5)(B) and (b)(2); that case is pending in the United States District Court for the District of Massachusetts. *See United States v. Tocci*, No. 24-CR-30061-MGM (D. Mass.).

The parties have conferred, and the government has stated that it has no intention to introduce information or evidence related to the Springfield case at trial in the instant case. It noted that this could change depending on the development of trial testimony or other evidence. It is Mr. Tocci's position that even if he decides to take the stand in his defense, any information about the Springfield case used for impeachment purposes would be highly prejudicial and completely irrelevant to the charges against him here, as well as his credibility, but these are not issues the Court needs to resolve at this time.

## **ANALYSIS**

Rule 404(b)(1) prohibits the admission into evidence of a crime, wrong, or other act to prove a person's character or to show that on a particular occasion he acted in accordance with that character. Fed. R. Evid. 404(b)(1); *United States v. Cassell*, 292 F.3d 788, 792 (D.C. Cir. 2002); *United States v. Bowie*, 232 F.3d 923, 926 (D.C. Cir. 2000). Propensity evidence, then, is prohibited, and the party seeking to admit other acts evidence must prove its relevance to the trial. *See Bowie*, 232 F.3d at 930. The relevance must be a purpose not based in propensity. *See id.* The rule admits bad acts evidence to prove "motive, opportunity, preparation, plan, knowledge, identity, absence of mistake, or lack of accident." Fed. R. Evid. 404(b)(1).

To avoid evidence of propensity from being admitting at trial, Rule 404(b)(3) requires the

proponent to give pretrial written notice of its intention to rely on other acts evidence and to articulate the permitted purpose for which it contends the evidence is admissible. When giving notice of a permitted purpose, the prosecution may not "find a pigeonhole in which the proof might fit," but instead it must "actually demonstrate that the evidence proves something other than propensity." *United States v. Caldwell*, 760 F.3d 267, 276 (3d Cir. 2014) (internal quotation marks, alterations, and citation omitted).

Even if found to have non-propensity-based relevance, bad acts evidence must be excluded if its admission would be unfairly prejudicial, would confuse the issues, mislead the jury, create undue delay, waste time, or be cumulative. Fed. R. Evid. 403; *see United States v. Olaitan*, Crim. No. 21-0713, 2023 WL 4993525, at *5 (D.D.C. Aug. 4, 2023).

In this case, Mr. Tocci has not been given written notice of bad acts evidence. Nor has he been told what permitted purpose justifies the admission of this type of evidence. Additionally, to admit evidence of bad acts of possession of child pornography would be to admit propensity-based character evidence. Those allegations are irrelevant to the offenses charged. Finally, admitting bad acts evidence involving child pornography would be unfairly prejudicial, would confuse the issues at trial, mislead the jury, waste time, and create undue delay.

As a result, the admission of bad acts evidence in this case is prohibited by Rule 404 and would constitute a violation of Mr. Tocci's Fifth and Sixth Amendment rights to due process and a fair trial.

## **CONCLUSION**

For the forgoing reasons, the Court should grant Mr. Tocci's motion to exclude bad acts evidence from trial.

                        Respectfully submitted,
                        DANIEL TOCCI,
                        By His Attorneys,

>*/s/ Jessica Thrall*
>Jessica Thrall
>
>*/s/ Samia Hossain*
>Samia Hossain
>
>Federal Public Defender Office
>51 Sleeper Street, 5th Floor
>Boston, MA 02210
>Tel: 617-223-8061
>Jessica_Thrall@fd.org
>Samia_Hossain@fd.org

## **CERTIFICATE OF SERVICE**

    I, Samia Hossain, hereby certify that this document filed through the ECF system will be sent electronically to the registered participant(s) as identified on the Notice of Electronic Filing (NEF) on January 17, 2025.

>*/s/ Samia Hossain*
>Samia Hossain